IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GEORGE ARTHUR BUNN                                                PETITIONER

VS.                              CASE NO. 5:05CV00228 JLH/HDY

LARRY NORRIS, Director of the
Arkansas Department of Correction                                 RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

      other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

    Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

    Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of George Arthur Bunn, an inmate in the custody of the Arkansas Department of Correction (ADC). Mr. Bunn challenges his disciplinary court conviction stemming from a disciplinary charge dated May 4, 2005, while he was housed at the ADC's Grimes Unit. He was charged with violation of Rule 4-1, which prohibits an inmate from using physical force on another inmate. As a result of his conviction on the disciplinary charge, he was reduced to class IV, assigned to punitive segregation for thirty days, and lost ninety days of good-time credit.

    In his petition for habeas corpus relief, Mr. Bunn advances the following claims:

1. His Fifth and Fourteenth Amendment rights were violated by the disciplinary proceedings;

2. The disciplinary hearing officer was biased against him;

3. His right to due process was violated because he was not notified that video tape was not to be presented as evidence at the hearing, and his requested statements from two individuals were not provided; and

4. The evidence was insufficient to support the disciplinary court conviction because he was trying to keep other inmates from hurting each other.

    The respondent contends the petition should be dismissed without prejudice for failure to exhaust available state court remedies. The respondent also argues that even if petitioner has exhausted his available state court remedies, he is still not entitled to relief as he has established

no violation of his due process rights.

The initial inquiry is whether the petition should be dismissed due to the petitioner's failure to exhaust remedies available to him in state court. Questions of available state remedies require this Court to look to the provisions of 28 U.S.C. 2254(b) and (c). These subsections codify the doctrine of comity by requiring the exhaustion of state remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. l98l). This exhaustion requirement is necessary in order to afford the state courts the opportunity to correct any constitutional errors before federal courts intervene. *Id*. However, this requirement will not be construed so as to require the filing of repetitious or futile applications for relief in state court. *Powell v. Wyrick*, 62l F.2d 92l, 923 (8th Cir. l980). In addition, a federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." *Powell v. Wyrick*, 657 F.2d at 224. Consequently, we must determine whether the petitioner has an available remedy in state court.

The respondent contends there may be three avenues for state court relief which the petitioner has not yet pursued. First, the respondent points to the Arkansas Administrative Procedure Act ("APA"). The respondent also contends the petitioner could pursue relief under the Arkansas Civil Rights Act of 1993 ("ACRA"). Finally, the respondent urges the petitioner could seek relief pursuant to an application for writ of mandamus or declaratory judgment in state court.

With respect to the APA, the Court notes that the Arkansas legislature, effective July 16, 2003, has excluded prison disciplinary convictions from consideration under the APA. As a result, we decline to find that the petitioner can pursue this avenue for state court relief.

The second avenue for relief suggested by the respondent is the Arkansas Civil Rights Act of 1993. However, we find no real promise of relief for the petitioner who, like Mr. Bunn, complains of errors in the disciplinary court process and seeks a decrease in his sentence. As a

result, we are not persuaded that he has failed to exhaust his remedies with regard to the first two avenues cited by the respondent.

The third avenue for relief, however, is available to Mr. Bunn. The request for declaratory relief and writ of mandamus is a procedure whereby the petitioner may challenge the execution and computation of his sentence. In *Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1998), an inmate utilized this procedure to challenge his classification for parole purposes. This procedure has been used by other inmates in similar circumstances. *St. John v. Lockhart*, 286 Ark. 234, 691 S.W.2d 148 (1985); *Bargo v. Lockhart*, 279 Ark. 180, 650 S.W.2d 227 (1983). The petitioner's claim in this case is, in part, that the disciplinary court conviction resulted in a decrease in class status and that he was wrongfully deprived of good time credits. Both the decrease in class status and the forfeiture of good time credits would affect the duration of his sentence. As a result, his claim would appear to be cognizable in state court.

If a state procedure is available, it cannot be said that the exhaustion requirement of 28 U.S.C. §2254 has been satisfied. This is precisely the situation at bar. Mr. Bunn can challenge the calculation of his sentence in state court by filing for declaratory relief and writ of mandamus. He has not filed such an action raising this ground for relief.

As a result of the foregoing, we recommend that the petition for writ of habeas corpus be dismissed without prejudice to allow the petitioner to pursue relief in state court.

IT IS SO ORDERED this __24__ day of August 2005.

_____
UNITED STATES MAGISTRATE JUDGE